UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

v.                                                     Criminal No.  10-10341-NMG

GAMALIEL BADILLO,
                Defendant.

MEMORANDUM AND ORDER

GORTON, D.J.

BACKGROUND

After a guilty plea to distribution of cocaine base, on December 14, 2011, this Court sentenced defendant Gamaliel Badillo ("Badillo") to 60 months imprisonment.  No direct appeal was taken.  More than 20 months later, Badillo filed, *pro se*, a Motion for Free Transcripts (Docket No. 59) and a Motion for Leave to Proceed *in forma pauperis* (Docket No. 58).

Badillo alleges that both his attorney and this Court wrongfully induced him into "taking a bad plea."  Motion  (Docket No. 59 at 2).  He seeks an Order permitting him to obtain the sentencing transcript at government expense in order to pin-point -- to this Court -- how it made errors during the plea and at sentencing, and how he is actually innocent.  At the same time, Badillo argues that he has the right to a meaningful appeal and therefore he must be entitled to the transcript.

DISCUSSION

I.      The Motion for Leave to Proceed *In Forma Pauperis*

It is not entirely clear whether Badillo submitted an *in forma pauperis* motion in support of his Motion for Transcripts in order show that he is indigent and unable to afford the transcripts, or whether he intended to seek leave to proceed *in forma pauperis* on appeal to waive the filing fee.  This ambiguity exists because his Motion for Transcripts indicates both an

intention to seek relief from this Court and an intention to appeal the Judgment.  Since Badillo

has not filed a Notice of Appeal, this Court will presume that the Motion for Leave to Proceed *in

forma pauperis* was intended only as support for his Motion for Transcripts.

Accordingly, the Motion for Leave to Proceed *in forma pauperis* (Docket No. 58) will be

<u>DENIED</u> without prejudice, but this Court will consider Badillo's financial disclosures

(indicating that he lacks funds to pay for a transcript because he has a $2.48 balance in his prison

account), in connection with his Motion for Transcripts.

II.    <u>The Motion for Free Transcripts</u>

Although Badillo cannot afford the transcripts, there are other factors to consider.  First,

apart from bald allegations and legal conclusions that his attorney and this Court erred during the

plea and sentencing proceedings, Badillo offers no underlying facts whatsoever to support these

allegations.

Second and more importantly, Badillo has not demonstrated good cause to permit him to

obtain transcripts at the government's expense where it appears that he did not pursue a direct

appeal in a timely fashion, and thus is foreclosed from doing so now.  <u>See</u> Fed. R. App. P.

4(b)(1)(A) (providing, *inter alia*, that a Notice of Appeal must be filed within 14 days after entry

of Judgment).   As noted above, Badillo did not file his request for transcripts until more than a

year and one-half after entry of Judgment.  Thus, without any basis for a valid direct appeal, this

Court does not find Badillo would be prejudiced if he did not obtain the (plea and) sentencing

transcripts.

Third, it appears that Badillo ultimately intends to request that <u>this</u> Court vacate, set

aside, or correct his sentence due to alleged constitutional errors.  Generally, the proper vehicle

for seeking such relief in this Court is through a motion filed pursuant to 28 U.S.C. § 2255.

Badillo has not filed such a motion at this time, and therefore his request for transcripts is

premature.

Fourth, it appears that any § 2255 motion would be time barred, pursuant to § 2255(f)

(1)-(4), which provides for a one-year period of limitation for filing a § 2255 motion from the

latest of several dates, including a one-year period of limitation from the date the judgment of

conviction becomes final.  Thus, presuming § 2255 relief is unavailable to Badillo as it is time-

barred, there is no need to have the government absorb the costs for the transcripts he seeks.

Finally, Badillo has not filed a habeas petition pursuant to 28 U.S.C. § 2241 seeking to

invoke the savings clause of § 2555 on the grounds that § 2255 is an inadequate or ineffective

remedy to contest the legality of his detention.  Therefore, any request for transcripts also is

premature.  Moreover, since Badillo currently is incarcerated at FCI-Beckley in West Virginia,

this Court lacks jurisdiction to grant § 2241 habeas relief, because any § 2241 habeas petition

must be filed in the District in which his immediate custodian is located.[1]  Thus, the matter of

whether a transcript is needed for a § 2241 habeas petition is not a matter for this Court, but may

be directed to the judicial officer assigned to any § 2241 habeas petition filed by Badillo.

Accordingly, because Badillo has not satisfied this Court that he has viable challenges

either in the United States Court of Appeals for the First Circuit or in this District Court, this

---

[1]See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004);  Vasquez v. Reno, 233 F.3d 688, 694 (1st Cir. 2000) (a petitioner's legal custodian is the  individual having day-to-day control over the facility in which petitioner is being detained), cert. denied, sub nom. Vasquez v. Ashcroft, 122 S. Ct. 43 (2001).  The reason that the proper respondent is deemed to be the individual with the day to day control over a petitioner is because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973).

Court will <u>DENY</u> his Motion for Free Transcripts (Docket No. 59) without prejudice.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.    Defendant Badillo's Motion for Leave to Proceed *in forma pauperis* (Docket No. 58) is <u>DENIED</u>; and

2.    Defendant Badillo's Motion for Free Transcripts (Docket No. 59) is <u>DENIED</u>.


SO ORDERED.

<u>/s/ Nathaniel M. Gorton</u>
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE

DATED:  December 18, 2013